3 1802 40 people of the state of Illinois at Lee vs. Sean Block appellant morning I guess good afternoon now by a minute Mr. Nicola or excuse me Mr. Luarchick are you ready to My name is David Luarchick. I represent Mr. Block in this in this appeal. We're this appeal comes from the dismissal of a third stage petition under the Illinois Wrongful Petition Act after a hearing. There were three claims alleged that are also taken up on appeal. They all they all relate to ineffective assistance of counsel. The first one being that Mr. Block's trial counsel ineffectively counseled him as to his sentencing exposure had he gone to trial to counsel was ineffective for failing to object to the admissions of text messages which constituted the heart of the state's case and three counsel was ineffective for failing to object to certain bad acts. For purposes of this argument we're going to be primarily concerned with the first claim that counsel was ineffective for failing to object I'm sorry failing to properly advise the defendant. As this court may recall from this case that was on direct appeal previously and in their rule 23 order the court noted that the parties had an incorrect understanding of the defendant's sentencing exposure. The trial court also came to the conclusion that Mr. Block's trial counsel ineffectively counseled him regarding the his sentencing exposure. Before we get to the application under Strickland the law here of course is Strickland and that is that counsel is guaranteed an effective assistance of counsel in the plea bargaining stage. The Governing case the Lafner case which I do cite in the brief and Lafner v. Cooper and the state also discusses sets out three prong analysis for purposes of determining whether or occurred. Since the trial court found the first prong was met meaning that the first prong under Strickland was met that ineffective assistance of counsel was rendered here we're going to focus on prejudice. The three prongs of prejudice under Lafner is the defendant has to show but for the would have been presented to the court and the defendant would have accepted it. The second prong is that the court would have accepted its terms and the third prong is that the sentence under the offer terms would have been less severe than the judgment entered. All three of these prongs are easily met. As to the first prong we have a letter from the defendant to the his attorney indicating that he wanted to explore sentencing options. We have we also have him testifying which court importantly noted was deemed honest testimony truthful testimony that had he been accurately advised as to the true sentencing consequences he would have accepted a plea rather than go to trial. And he the court here was hung up on that no notion that Mr. Block indicated he didn't want to go to trial based on a something he didn't do. However he clarified in his testimony that that was based on the understanding that the sentence he was facing at trial was comparable to what he was facing in his plea. That's a very important qualification. The state says well it's a matter of discretion what the trial court believes. However the trial court said he testified it truthfully. So what the only law the only way to resolve this apparent contradiction which I will get to later is that the judge just didn't understand the quantum of evidence needed for the prejudice the prejudice prong here. I didn't get to the second prong on their laughter for prejudice and that was that the court would have accepted its terms. Court said had he accepted a plea before the trial and showed remorse he would have accepted it and the judge said that after the trial being exposed all these text messages was what prompted him to give a much more severe sentence. Also he gave a set he gave that sentence to the co-defendant which whose behavior was equally egregious and so the second prong seems to be met and then the third prong I'm sorry I have a question. I mean you know I understand that um he was counseling I mean he was aware that the there was a range of 12 to 60 years right but his counsel just said I don't think that the upper end is going the enhanced part is going to apply to you is I mean is that where some of the or it was a complete he had no idea that that could even you know that there could be findings at trial that would lead to the 60 year upper end as opposed to the 30 year upper end. You're correct that he seemed that he gave testimony that he didn't under that he understood that it was 60 years upper end however he also was told by his lawyer that he would be facing about 15 years total if he went to trial. And based on the cases I cite such as Blumhart and and also Laffner that kind of estimate which is grossly off is enough to constitute prejudice. Then the third prong which I which I didn't get to was that the conviction or sentence was significantly less severe than would have been had he went to trial. Obviously he got a 44 year sentence which the Illinois Supreme Court has said is a de facto life sentence that's far less than 15 years. So the trial court as I mentioned got up hung up on the this qualifying language or actually ignored the qualifying language and then also seemed to ignore Laffner's admonishment that it only has to be reasonably more likely that the plea would have been accepted. In fact the language is used the chances of prejudice need only be better than negligible. I don't know when I read over these facts this is not just a bare allegation we have letter from we have a letter from the trial council indicating that these different alternatives were discussed with the defendant. We have plea offers being bandied about so he's obviously open to plea offers because and there was a 402 conference so he's open and ready to court says that the Illinois Supreme Court says that you can always refuse to plead and go for full acquittal. However the decision has been made knowingly after being fully and fairly informed of the consequences of pleading. Perry clearly was not. So the other question I or the other before we continue on with this line of this particular argument though I don't want to spend too much time on the second and third elements of the ineffective assistance of counsel and the barista claim in the briefs. I do want to note that address the forfeiture argument that the state raises and that is that though the the states argues that because the ineffective assistance of counsel arguments about text messages and the bad acts were not discussed on direct appeal is therefore forfeited. However an important analysis as we all know in an ineffective assistance of counsel claim is whether there was a reasonable trial strategy of all. You couldn't know whether there's a in failing to object to these text messages or these bad act testimony without actually asking the lawyer what his testimony was what his what his trial strategy was. So in order in fact many courts say raising ineffective assistance of counsel on direct appeal like this is fraught with peril for this very reason because if we it's easy to say well it's trial strategy and dismiss the claim and then you're barred through race judicata. We had to wait until the post conviction hearing to know what the trial counsel's strategy was for those last two claims. Therefore it's not barred because there was evidence to horse the record that weighed on those two questions. The only brief issue I want to indicate is that the in regards to the third ineffective assistance of counsel claim is that defendant had argued that I'm sorry defense counsel stated that his trial strategy for allowing bad act testimony come in was that it was fantastical it was imaginary. However failing to object to the state's argument in closing that he defendant actually engaged in a sex act with his daughter that's not fantasy that was an actual act it was an egregious act and I mean putting aside an ineffective assistance of counsel in plain air prosecutors have a duty not to produce false evidence and if they do produce it they have to correct it. So there was no reasonable trial strategy for not objecting to an actual act rather than an illusion or some sort of fantasy. There just was not and true enough trial trial judges have some discretion or are assumed to follow the law and disregard evidence but he did reference these bad acts in his rulings as to why the defendant was guilty. He referenced into why he was giving the sentence and judges are human they're not going to necessarily there's some bells that you just cannot unring and I can't think of any bell worse than that falsely accusing the defendant of engaging in a sex act with his daughter. So in sum the constitution guarantees defendants effective assistance of counsel in the plea bargaining stage and that a defendant ultimately makes the decision it's his decision to go to it cannot be uninformed and here there was ample evidence that he went to trial thinking his sentencing exposure was 15 years when in fact it was a de facto life sentence. When you talked about the when they had the 402 conference but didn't this I thought the state revoked its offer before they actually finished this or before they had the conference or is that a a second 402 conference? Well I don't I don't remember in regards to the 402 conference when it revoked its offers but the offers were far less than 60 years they're close to 15 and Mr. Block's contention was that he did not accept he did not accept those offers because his trial lawyer said that he would get the same sentence if he went to trial and was found guilty which was grossly inaccurate obviously so I hope that answers your question judge. Well I'm not sure I didn't I mean there was one offer of 50 years correct? The offer I don't remember that 50 years I do remember it went all the way down to 15 or 12 years and that his counsel told him that if he went to trial that is where the sentence would end up being if he was convicted. Mr. Lovaczyk at the evidentiary hearing on this petition didn't his attorney testify that he did not provide him with a range of what he could expect if he went to trial? His testimony was a bit yeah I believe that's accurate he did say he was kind of equivocal and say he didn't recollect very much but he did very specifically say that the 15-year offer was made and that he did not advise his client to take it he said at that point that close to trial he would advise his client to take it. But the question was did he provide him with a range he could expect after a trial and I believe he denied it didn't he? I think I think that's correct your honor I believe you're correct. So the trial judge here on this petition either could have accepted Mr. Block's testimony on that point or Mr. Mayles testimony right? That's true even if he accepted Mr. Mayles testimony that's still inadequate I mean he's still the defendant still owed a sentencing range what of what to expect after a conviction. Okay thank you you're welcome your honor. Are there any other questions? Not thank you Mr. Lovaczyk. Mr. Nicolosi. Good afternoon your honors may it please the court and council my name is Justin Nicolosi I represent the state of Illinois the appellee in this case. Regarding the first issue again as Mr. Lovaczyk stated this court in order for the defendant to succeed at a third stage hearing in this particular issue he must show a reasonable probability that absent his attorney's deficient performance that he would have accepted the plea offer and the state submits that the record in this case overwhelmingly establishes that the defendant was not going to plead guilty in this case. As Justice Doherty just alluded to they're both while the judge thought at the third stage while he said that both council Mayles and the defendant both provided truthful testimony the record is clear that the judge in this case believed that that counsel Mayles testimony was the more credible and believable testimony. Again as Justice Doherty just said Mayle testified unequivocally that he did not tell the defendant that he would expect to receive a sentence of about 15 years if he went to to trial was convicted. Mayle was clear on that point he said he never he never gave an estimate he never indicated the defendant what he might what he thought that he would get sentenced to if he were convicted. Now again obviously there's no question here that counsel provided deficient performance regarding the the range of of the max range that defendant could receive he was told he could get 60 turned out he could have gotten 120 didn't know that there's no question there but again there there's there's nothing in the record that that indicates that the defendant would have gone to plead guilty if he knew he was going to get 120. As as counsel Lowarchik said the well okay I take that back the state argues in its that the difference between going to trial with 160 or with 60 and not 120 is relatively insignificant the defendant was 31 years old he was looking at 60 years that was basically that's basically a life sentence I think the the law basically establishes that so if he had learned that he was facing 120 state submits really distinction without a difference with regards to whether or not he was looking at a life sentence he was looking at a life sentence 60 120 basically the same even at 85 percent of 60 still a life sentence so I think the record refutes any argument the defendant made at the evidentiary hearing that he would have pled guilty if he had learned of the proper the actual sentencing range and again as the trial judge stated below in his ruling a critical aspect here is the defendant's testimony that he was not going to plead guilty to something he didn't do and I think the the record shows based on the the progression of the plea offers that he was given that completely contradicts his testimony that he was going to plead guilty again he was given offers of according to his testimony 50 years which was rejected kind of right out right off the bat 20 years that was rejected kind of right off the bat then according to the defendant there was a little bit of misleading testimony of whether it was 12 or 15 years that third offer but I think we're going to go with that it was 12 years it seems like that was the general consensus below and the defendant testified that that 12-year offer was on the table for quote quite a while end quote before the state ended up retracting that offer state submits that if defendant was going to plead guilty in this case based on the the evidence that that everybody knew existed in these text messages he was going to take that 12-year offer especially and the fact that was on the table for quite a while leads you to believe he wasn't going to plead guilty he didn't take it he knew what the evidence was I'm sure he talked to his attorney about the the case that the prosecution had against him the fact that he didn't take 12 years and was on the table when he was looking at 60 I think overwhelmingly establishes that even if he thought he was getting 120 that he wasn't pleading guilty in this case he had plenty of time to take a you know in hindsight looks like a very good offer in 12 years didn't take it and then when the state retracted it the state came back with 15 a 15-year offer and I think that was on the table until just before trial according to the testimony defendant still didn't take it again knowing what the evidence was against him I think all of this combined leads to the inescapable conclusion that defendant was not going to plead guilty in this case and for that reason he was not prejudiced by the defendant's performance of of improperly performing him of the max range that he could got in this case and the state believes that the trial counsel's factual findings in ultimately believing counsel males testimony above that of defendant was not manifestly erroneous in this case and that that finding should not be reversed on appeal um so that that was issue one and council of archic uh mentioned a couple other things in the other issues um the the state will rest on its briefs regarding the forfeiture arguments that it makes issues two and three um but regarding uh issue three uh defendant or council of archic was uh mess or reference that that misstatement by the uh the uh the prosecutor regarding the act with his daughter um the state the state submits that well well perhaps that was right for an objection by by council mail um that defendant was not prejudiced by that decision in this case based on the uh the overwhelming amount of of evidence in these text messages and the of the charged offenses um again i'm not going to um rehash all of the the text message testimony and the in-person testimony um that was presented i i do that quite uh extensively in my brief and quite frankly don't want to uh speak about the the evidence in this case anyway but the state submits that uh clearly a strong a body of evidence was presented against defendant above and beyond the the the uh incidence of prior acts that defendant discusses and alleges in issue three of his brief the state submits that based on that body of evidence the defendant was not prejudiced by um any errors the council may have made um as alleged in issue three so with that uh the state um for all other issues or relies on its rest on its brief and uh would the state asks that this court would uh would affirm the um dismissal of his post-conviction petition after the evidentiary hearing and if there are any other questions if there are any other questions i would be happy to answer them right now i don't say don't say any other questions mr lawrishick for reply thank you your honor uh esteemed council indicates that there was no evidence here to support the notion that the that defense council gave a range for the sentencing to expect after a conviction that's belied by the record there there is a there's a letter in the record from uh council to his client that indicates um as much of the sentence as much as the sentence was unexpected and outrageous i continue to believe that no one would have anticipated such a sentence from judge broad what's the inference from that the inference is that he he told the uh he told his client exactly what mr block claimed at trial and that was that there was an expectation that a sentence would be given that was close to what was being offered by the state now giving going back to the standard which is that the probability probability need only be negligible with that letter just by itself i don't know how that how this how somebody how it passes the blush test that is i don't know how somebody can make the argument without blushing that it's there's not at least a negligible probability that mr block would have accepted this plea you have that letter you have you have the plea negotiations you have his testimony that the death that the judge said was honest and that is enough that's negligible so therefore prejudice is established here uh the other quick note i'd like to uh indicate is that defense counsel again indicated that the pleas were open for quite a while well that's true but he was told as i just mentioned by his trial counsel that he would get the same sentence if he went to trial and there's evidence in the trial counsel's own hand that that was indeed indicated to the defendant um also the defense counsel i'm sorry esteemed counsel and discussed about all the evidence and how um that based on all that evidence he must have wanted to go to trial however uh what also came out at the hearing is that the defense counsel was not clear on what accountability theory entailed and what kind of proof was necessary to show that it happened that factors that factors into the decision as to the defendant's view of the evidence so that aside uh though the evidence here that defendant was uh did not go to trial with a reasonable understanding of the sentence he would be facing after a conviction is certainly above the very low bar of negligible with that i conclude unless there's any other further questions your honor anyone have any other questions no questions um i i guess not so uh thank you both for your arguments here today this matter will be taken under advisement and a written decision will be issued to you as soon as possible and with that we will take a thank you